Hemphill, Cu. J.
The questions presented in argument arc as to tlie competency of Marston as a witness offered in behalf of the claimants and as to fraud in tlie transfer as against plaintiff in error.
That tlie objection to tlie competency cannot ho sustained is evident from tlie fact that the interest of the witness is balanced between tlie parties. If the claimants recover, the property will remain subject to tlie satisfaction of their demands, but tlie debt due the plaintiff'in execution will continue undischarged. If tlie latter prevail his execution will be satisfied and the witness will be responsible to the claimants for the value of the cattle. Let tlie controversy be decided as it may, lie will remain the debtor of the losing party; and in contemplation of law it is indifferent to him which of his creditors shall have his property. If he liare a preference of one to the other this goes to his credibility and not to his competency. He is not directly liable for the costs of this suit; nor is he responsible to either of his creditors' beyond the value of tlie cattle; and to this extent lie must indemnify the party who is defeated. This view of the question is well expressed in 17 Mass. R., 197; 9 Pick. R., 176; Vid. 7 T. R., 601; 2 Hill’s R., 131; 9 Ala., 744; Coweu and Hill’s notes to Phillips, p. 1543.
There was no error in tlie refusal to exclude the testimony of tlie witness.
It is contended that on all the circumstances of the case the deeds of tlie wituess to Hitchcock and Shaw should have been adjudged fraudulent *18 and void as against tlie executive creditor. The arguments on this point have-been brief, and I shall not attempt in this case any elaborate disquisition of tlie rules as laid down in Twyno’s 'or succeeding eases as to what circumstances-shall constitute signs, or marks, or presumptions of fraud. Marston was the only witness; and if his testimony is to be believed, and tlie court below was tlie judge of his credibility, there is no doubt that he justly owed the debts for tlie satisfaction of which he executed the conveyances under which the claims are set up by the defendants in error. Tlie joint debts were considerable in amount, and there was no evidence as to the value of the property conveyed or the adequacy of the consideration. Tlie conveyances were open and notorious and prior in time to the levy of the execution.
Note 5. — Converso & 0o. v. McKee, 14 T., 20; Hancock v. Horan, 15 T., 507.
Note (>. — Converse & Co. v. McKee, 14 T., 20; Edrington v. Hosiers, 15 T., 188; Mills v. ITow-eth, 11) Tm 257; Humphries v. Freeman, 22 T., 45; Green v. Banks, 24 T., 508; Baldwin v. Peet, ¿2 708; Belt v. Raguet, 27 T., 471; Tuttle v. Turner. 28 T., 730; Irion v: Mills, 41 T., 810.
Note 7. — Hancock v. Horan, 15 T., 507; Wright v. Linn, 10 T., 34; Woisigor v. Chisholm, 28-T., 780- The conveyance of the homestead cannot be deemed a conveyance to defraud creditors. (Wood v. Chambers, 20 T., 247; Cox v. Shropshire, 25 T., 113; Martel v. Somers, 26 T., 651.)
Tlie preference given by a debtor to one or'more of his creditors, is not of itself unlawful, and will not vitiate his assignments or deeds in them favor. (7 Wheat. R., 550; 5 Cond. R. S. C. U. S., 359.
Tlie formalities and particularities observed in the execution of the conveyance to Shaw are circumstances which, it is said, should throw suspicion over the transaction. These, to say the least, would be but very equivocal badges of fraud. Connected with cither circumstances they might, in some cases, conduce to show that so much drapery would not be used unless for tiie concealment of some deformity. But ordinarily they would indicate nothing more than that the scrivener was copying after some old form to be found in tlie books or that a copy of one of the usual acts of conveyance during the existence of tlie Spanish laws ivas before him.
Tlie fact that tiie witness remained in possession of the cattle after the execution of tlie transfer to the claimant is undoubtedly a badge of fraud; hut we liave held in several cases that it is not fraud per se, or a presumption juris et de jure of fraud. It raises the presumption of fraud in the transaction, but may he explained and rebutted by competent and sufficient evidence to show that in point of fact tiie transaction ivas honest. The circumstance is-unfavorable, and contrary to the ordinary course of dealing; but it may he explained by allowing that the vendor remained in possession merely as tlie agent of the vendee and paid hire for tiie property.
It seems that in this ease he paid at tiie rate of one dollar per month for the use of each milch coiv; and this rate, of itself, is satisfactory proof that the hiring’ was not merely colorable. (1 Tex. R., 415; 2 Id. 212, 279.
Upon all the circumstances of tlie ease as adduced in evidence, we are of opinion that there was no error in the judgment, and it is ordered that the same he affirmed.
Judgment affirmed.