WILLIAM ELLISON v. JOHN M. TUTTLE.

Promissory notes due to a debtor are not liable to garnishment in the hands of his agent.

A garnishee is entitled to every defence which he could maintain against the debtor. Hence, if the garnishee, before the service of the writ of garnishment, had by the authority of the debtor, collected money due the debtor, and had by the same authority retained and applied the money so collected to a debt due him from the debtor, these facts constituted a good defence for the garnishee.

In this State, the answer of a garnishee is not conclusive, but may be controverted and disproved by competent evidence.

With regard to the effect to be given to the answer of a garnishee, the better opinion is that it is to be considered as presenting a *prima facie* defence, and as sufficient to discharge the garnishee, unless it is disproved by competent evidence.

To enable the plaintiff to controvert the answer of the garnishee, he must make oath that he believes it to be incorrect. The burden of proof to show that it is so, would seem then to rest upon him in the first instance.

The mere affidavit of the plaintiff that he believes the answer to be incorrect, ought not to cast upon the garnishee the burden of proving its truth; but when, in addition to his affidavit, the plaintiff disproves the truth of the answer, it then becomes incumbent on the garnishee to support it if he can; and upon the failure of the garnishee so to do, it ought to be considered that the plaintiff has established the truth of the issue upon his part.

APPEAL from Caldwell. Tried below before the Hon. A. W. Terrell.

On the 19th of November, 1855, the appellant, Ellison, instituted suit by attachment against W. D. Larremore, and thereon took out writs of garnishment against the appellee, and other parties. In October, 1856, the appellant recovered judgment on the attachment against Larremore for $517 30. On the 25th of April, 1856, the garnishee, Tuttle, filed his answer denying all indebtedness to Larremore, or possession of effects belonging to him; but alleging that Larremore was indebted to him in the sum of $855, and had left with him three promissory notes on certain third parties amounting to $435, which he had authorized him, Tuttle, to collect and apply to his own claim against Larremore;

of which notes he had collected one, to the amount of $185, which he retained and had applied to his own claim.

Nearly two years after the filing of this answer, the appellant, on the 10th of April, 1858, filed his affidavit controverting the truth of the appellee's answer to the garnishment.

The cause came to trial at the spring term, 1859. The evidence introduced by the plaintiff in support of his issue, is sufficiently adverted to in the opinion. That of the garnishee consisted of statements made by Larremore before he delivered the notes to Tuttle, to the general effect that he was indebted to Tuttle for a wagon and team and a horse, and that Larremore said something about leaving some notes with Tuttle to collect and apply to the debt.

There was verdict and judgment for the garnishee. The plaintiff moved for a new trial; which was refused.

*Chandler & Turner*, for the appellant.

*John A. Green*, for appellee.

WHEELER, C. J. The court rightly ruled that the promissory notes in the hands of the garnishee were not liable to garnishment. (Price v. Brady, 21 Tex. R., 614; 23 Id., 508.) But the answer of the garnishee admitted that he had collected $185 upon one of the notes; but he claims the right to retain the money on his own account, because, he says, the debtor owed him and had given him the notes to collect and apply the proceeds to that indebtedness. This, if true, was a good defence; for the garnishee was entitled to every defence which he could have set up against the debtor.

The plaintiff undertook to disprove the statement of the garnishee, that he had received the notes to collect and apply the proceeds to the defendant's indebtedness to him, and produced the receipt for the notes given by the garnishee, in which he stipulated to collect the notes and retain the proceeds until the defendant should return home and pay it over to him; or, if he could not collect the notes, to return them to the defendant as he received them, or

their amount. The receipt of the garnishee contradicted and disproved this answer, unless that is to have the full effect of evidence in his favor. The effect which has been given to a garnishee's answer depends very much upon the statutory provisions of the different States in which the question has been considered. In some States the answer is conclusive; in others, as in this State, it may be controverted and disproved by competent evidence. (Drake on Attachments, sec. 651, et seq.) In Alabama, under a statute similar to our own, it is held that the answer is not admissible evidence in the garnishee's favor. If the plaintiff reads the answer to the jury, it is held to have the effect of an admission of the garnishee, and to be governed by the same rules as any other admission. The only proper issue, it is said, is one of indebtedness *vel non*, and when the correctness of the answer is denied by the plaintiff's oath, the affirmative of the issue and the burden of proof rests upon the garnishee. (Myatt v. Lockhart, 9 Ala., N. S., 91.) A greater effect is given to the answer in other States, (Drake on Attachments, sec. 654,) and the better opinion seems to be, that it is to be considered as presenting a *prima facie* defence and as sufficient to discharge the garnishee, unless disproved by competent evidence. To enable the plaintiff to controvert the answer of the garnishee, he must make oath that he believes it to be incorrect. The burden of proof to show that it is so, would seem then to rest upon him. When he has disproved the statements of the answer by competent evidence, it would seem that he has done all that is necessary to maintain the issue on his part, until the garnishee has produced some evidence to maintain his part of the issue. It would then become the province of the jury to weigh the evidence produced by the parties respectively, and decide the question of fact. But where, as in this case, the answer is positively disproved by written evidence under the hand of the garnishee himself, and he offers no sufficient evidence to rebut, or in any manner to explain it, we think it must be taken that the answer has been disproved and shown to be incorrect, and that the plaintiff has so maintained the issue on his part as to entitle him to a verdict. We do not think the mere affidavit of the plaintiff that he believes the answer to be incor-

rect, ought to throw upon the garnishee the burden of proving its truth. But when, in addition to his oath, the plaintiff produces clear and positive evidence disproving the truth of the answer, it then becomes incumbent on the garnishee to support it by evidence, if he can. Where he has failed to do so, it ought to be considered that the plaintiff has established the truth of the issue upon his part. It is to be observed in this case that the receipts appear to have been given on the day that the debtor started upon his journey abroad, and after the conversations spoken of by some of the witnesses for the garnishee. We cannot regard their statements as amounting to any evidence in explanation or rebuttal of that furnished by the express terms of the receipt.

We think the court erred in refusing a new trial. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.