## NATHANIEL BAILEY v. R. & D. G. MILLS.

Though the District Court has the power to declare void a deed of assign-
ment for fraud apparent on its face, yet this is a power which ought to be
exercised with great caution, and only in a very clear case.

The opinion of the court in the case of Baldwin v. Peet, Sims & Co., (22
Tex., R., 708,) on the subject of assignments, referred to and approved.

A debtor has a right to prefer one or more of his creditors to the others, and
his exercise of that right will not invalidate his assignment.

Nor is an assignment invalid simply because it operates to hinder and delay
creditors, which is a usual and almost invariable consequence of an assign-
ment.

To invalidate on assignment, there must be a fraudulent intent; that is, an
intent which the law will not permit to be carried into effect; an intent to
secure some benefit to the maker himself, or to withhold from the creditors
some right beyond what the law permits.

If such an intent be expressed in the deed, the court may declare it void;
but if not so expressed, then the deed can only be invalidated by proof satis-
fying the jury that the fraudulent intent existed at the time of the exe-
cution of the deed.

See this case for an assignment for the benefit of particular creditors held not
to be fraudulent on its face, notwithstanding it provided that the surplus
of the proceeds, after liquidating the debts secured, should be paid by the
trustee to the maker of the assignment.

It is the practice of this court to reverse a judgment whenever there is an er-
roneous instruction upon a material point, which may have influenced the
verdict of the jury, although the evidence may appear to this court suffi-
cient to sustain the verdict. The reason of this rule is, that it is impossible
to know what effect the instruction had upon the minds of the jury, or
how much the verdict is due to the instruction, and how much to the evi-
dence; and in a case of conflicting evidence, it is impossible to know that
the proof would lead the minds of the jury to the same conclusion as the
minds of this court.

ERROR from Polk.   Tried below before the Hon. J. M. Maxcy.

Issue on garnishment between the defendants in error, who were
judgment creditors of A. P. Bailey, and the plaintiff in error,
garnishee.

On the 4th day of May, 1855, Alphonso P. Bailey executed to
Nathaniel Bailey, a deed of trust assigning to him a number of
notes and accounts, and conveying his other assets, consisting of a

stock of merchandise and other personal property. A schedule of the assets assigned was embodied in the deed, and exhibited their total value as nine thousand seven hundred and sixty-three dollars and ninety-three cents. The assignment purported to be made for the purpose of securing to Nathaniel Bailey the payment of some two thousand dollars acknowledged to be due him by A. P. Bailey, and also the payment of some twenty-four hundred dollars due from A. P. Bailey to three . designated mercantile houses in Boston, for which indebtedness Nathaniel Bailey was surety.

At the conclusion of the deed of assignment, which was subscribed both by A. P. and Nathaniel Bailey, it was stipulated that "it is further understood and agreed that any surplus that may remain after paying the debts and claims above mentioned, shall be paid and refunded to said A. P. Bailey, or his order."

The defendants in error, on the 16th of June, 1855, recovered against A. P. Bailey two judgments amounting to $5290, in the District Court of Galveston county. On the 12th of April, 1856, they sued out on their judgments a writ of garnishment against Nathaniel Bailey and A. P. Garner, both of the county of Polk. On the 26th of May, 1856, N. Bailey answered, denying that he was indebted to A. P. Bailey, or had effects belonging to him in possession; but set out specially the facts as to the execution to him of the deed of trust, and his possession of the assets thereby assigned to him, which, he alleged, would not realize a sufficient amount of money to discharge A. P. Bailey's indebtedness to him and the other creditors for whose benefit the assignment was made.

Exceptions were sustained to this answer, because it did not specify the effects in possession of the garnishee; and on the 29th of December, 1856, Bailey answered more fully, setting out a copy of the assignment, including the schedule of the assets received by him under it, and also exhibited lists of the amounts collected and believed to be collectable upon the notes, accounts, etc.

The defendants in error filed their affidavit that they believed the answer of the garnishee to be incorrect, and that the assignment was made and contrived by A. P. Bailey, in collusion with

N. Bailey, with the intent and purpose to hinder and delay the creditors of A. P. Bailey of their just and lawful debts.

At the Fall Term, 1857, of the District Court of Polk county, the defendants in error, under direction of the court, tendered sundry issues as to the indebtedness, &c., of N. Bailey to A. P. Bailey at the date of the service of the garnishment, and also the following issue upon the validity of the assignment: "5th. Was the assignment from Alphonso P. Bailey to Nathaniel Bailey, which is set up in the answer of said Nathaniel Bailey, as garnishee, made and contrived by the said Alphonso P. Bailey, in collusion with the said Nathaniel Bailey, to the intent and purpose to hinder and delay the creditors of the said Alphonso P. Bailey of their just and lawful debts."

These issues came to trial at the Fall Term, 1858, of the District Court of Polk county, when, besides the deed of assignment, schedule, &c., evidence was introduced by the plaintiffs of acts and declarations of A. P. and N. Bailey tending to show that the assignment was only colorable.

The charge of the court below is sufficiently quoted in the opinion of this court.

The jury found all the issues against the garnishee, and in response to one of them, found that he was indebted to A. P. Bailey in the sum of $9763 93, that being the value of the assets, according to the schedule embodied in the deed of trust, which was the only evidence of their value before the jury. Thereupon the court decreed that the deed of assignment be vacated and annulled, and rendered judgment for the plaintiffs against the garnishee for the amount of their judgments against A. P. Bailey, with interest from their rendition. New trial refused, and the garnishee prosecutes his writ of error.

*H. N. & M. M. Potter*, and *Allen & Hale*, for the plaintiff in error.

*Ballinger & Jack*, for the defendants in error.

BELL, J.—It is not important to consider whether or not the

court below erred in overruling the motion for a continuance of the cause made by the garnishee, Nathaniel Bailey. We are of opinion that there is error in the judgment, for which it must be reversed, on other ground, and if there be any deficiency in the record of the District Court for Galveston county, that deficiency can, doubtless, be supplied before another trial.

We think the court below erred in the instruction to the jury. The court told the jury that "a debtor can make no assignment of any part of his property in trust for himself. If there be a secret trust, or any express understanding, *as in this case*, for the benefit of the assignor, it is a fraud upon his creditors and void." This was equivalent to a declaration by the court that the deed of assignment, on its face, was fraudulent and void. While we think the evidence in this case was sufficient to warrant the jury in finding that the assignment was made for the purpose of hindering, delaying and defrauding creditors, it cannot, we think, be said that the deed of assignment itself disclosed the fraudulent intent in such manner as to warrant the court in pronouncing it void on its face. The court, undoubtedly, has the power to declare a deed of assignment fraudulent and void, but this is a power which ought to be exercised with great caution, and never except in a very clear case. This subject was very carefully considered by Judge Roberts in the case of Baldwin v. Peet, Sims & Co., 22 Tex., and to his opinion in that case we refer for the law governing almost every description of assignments. It will be seen by reference to that opinion, and to the cases there cited, that it is not sufficient to invalidate an assignment that it prefers one or more creditors to the others, because this the debtor has the right to do. Nor is it a sound objection to an assignment that it operates to hinder and delay creditors, for this is the usual and almost invariable consequence of an assignment. There must be a fraudulent intent, that is, an intent which the law will not permit to be carried into effect—an intent to secure some benefit to himself, or to withhold some right from his creditors beyond what the law permits, in order to invalidate the assignment. If this intent be expressed in the deed, the court may declare it to be void; but if the fraudulent intent be not expressed in the deed itself, then it can only be

invalidated by proof, to the satisfaction of a jury, that the fraudulent intent existed at the time of the execution of the deed.

It is the practice of this court to reverse a judgment whenever there is an erroneous instruction upon a material point which may have influenced the jury in finding the verdict, although the evidence may appear to us to be sufficient to sustain the verdict; and the reason of the rule is, that it is impossible to know what effect the instruction had upon the minds of the jury; how much the verdict is due to the instruction, and how much to the evidence; and in a case of conflicting evidence, it is impossible to know that it would lead the minds of the jury to the same conclusion as the minds of this court. The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.