## A. T. OBENCHAIN v. JAMES I. REEKES.

(No. 1501, Op. Book No. 2, p. 166.)

APPEAL from Dallas County.  Opinion by WALKER, A. S., J.

§ 970. *Garnishment; city bonds not subject to; rule as to negotiable paper in garnishment proceeding; when rights become fixed.*  Reekes having a judgment against Obenchain, garnished Adams & Leonard, who answered that Reekes had placed in their hands for sale certain bonds of the city of Dallas, which bonds they had forwarded to their agents in New York, to be sold in that market.  Subsequent to the service of the garnishment, and the answer of the garnishees, the bonds were sold, and the proceeds were received by the garnishees.  *Held:* 1. That with regard to the character of the bonds, it is now too well settled for those entertaining a different opinion, to maintain that they should not be treated as commercial paper, or that the holders of them are not entitled to the privileges and immunities attaching to negotiable instruments.  [Board v. R. R. Co. 46 Tex. 316.] 2. Such being the character of the bonds, they were not subject to the writ of garnishment.  [Price v. Brady, 21 Tex. 614; Taylor v. Gillean, 23 Tex. 508; Ellison v. Tuttle, 26 Tex. 283.]  3. Garnishment process must not be given a perpetual force against the dealings between the debtor and garnishee, unless the statute so enact.  The Revised Statutes [art. 206], in prescribing the judgment against the garnishee, provides for a decree when "effects" of the defendant liable to execution shall be in the hands of the garnishee.  This evidently defines the term "effects" as used in prescribing the rights and duties created by the service of the writ.  [R. S. 191.] The rights of the parties became fixed at the time the garnishees filed their answer and the same was controverted.  The subsequent sale or disposition of the bonds was immaterial.  [Drake on Attach. § 667.]

June 25, 1880.                          Reversed and remanded.