M. R. STRINGFELLOW ET AL. V. A. S. THOMSON.

(No. 1082, Op. Book No. 2, p. 226.)

APPEAL from Caldwell County.   Opinion by WATTS, J.

§ **1008.** *Assignment of account; reservation of interest to assignor is not of itself sufficient to establish fraudulent intent of .assignor.*   Suit upon an account claimed to be due N. A. Thomson by appellant Stringfellow, and assigned by N. A. Thomson to appellee A. S. Thomson, and suit brought in the latter's name.   The assignment of the account, its legality and admissibility in evidence, constituted the real contest in the court below.   Upon these questions the appellate court said:   "The assignment to appellee by N. A. Thomson of his interest in the estate of his uncle contained the following sentence: 'Provided, that should my interest in said estate exceed the amount of above promissory note, then the excess thereof to be paid to me on settlement with said estate by said A. S. Thomson.'   It is insisted by appellants that said clause is a reservation for the benefit of said N. A. Thomson, and, as a matter of law, renders the assignment void.   The supreme court, in the case of Bailey v. Mills, 27 Tex. 434, in effect decided that such a stipulation in an assignment did not of itself show a fraudulent intent upon the part of the assignor, and .as to whether the assignment was or was not fraudulent, was a question of fact to be determined from all the evidence.   After a careful examination of the assignment, we conclude that it did vest in appellee all the interest of the assignor in and to said estate, and fully authorized him to sue therefor."

§ **1009.** *Notarial seal.*   A notarial seal, instead of having the letters T E X A S around the extreme margin of the seal, had them placed between the several points of the star.   *Held,* that this seal was a substantial compliance with the statute in that respect.

§ **1010.** *Evidence; part of letter being read in evidence by one party, the other party might read another portion of it.* Appellants in the court below read in evidence a portion of a letter. Appellee offered to read in evidence the whole of the letter, and was permitted to do so, over the objections of appellant. *Held,* no error. That portion of the letter offered by appellee was directly connected with the subject matter of the portion which had been read in evidence by appellant, and tended to explain the same, and was admissible testimony.

§ **1011.** *Damages on appeal from justice's court.* Article 6349, Pas. Dig., giving ten per cent. damages on appeal from justice's court, was repealed by the justice's court act of 1876, and since the repeal there is no law allowing such damage. A judgment of the county court awarding ten per cent. damages against the appellant and his sureties was therefore reversed and reformed, on appeal to the court of appeals, at the cost of appellee.

March 30, 1881.                    Reversed and reformed.