## CHARLES D. GRACE v. KOCH & DREYFUS.

(No. 1568, Op. Book No. 2, p. 313.)

APPEAL from Fannin County. Opinion by QUINAN, J.

§ **1062.** *Trial by judge; effect of incompetent evidence.* Ordinarily, when a case is tried before the judge, a jury

being waived, the admission of irrelevant or improper testimony will not, on appeal, be held as good ground for disturbing his judgment, for it will be presumed that he gave such testimony no greater consideration than it legally deserved to have. If the facts in proof otherwise sustain the judgment, it will stand. Where, however, from the whole case, it is apparent that improper proof admitted was considered, and had influence in determining the result, the appellate court would not hesitate to revise the ruling of the judge and reverse his judgment, if necessary.

§ 1063. *Garnishment; answer of garnishee; burden of proof.* When the answer of a garnishee presents matter which entitles him to a discharge, it is to be considered a *prima facie* defense, and sufficient to entitle him to a judgment. The burden is then upon the plaintiff to controvert the truth of the answer, and show by competent evidence that it is incorrect. [Ellison v. Tuttle, 26 Tex. 283.]

§ 1064. *Garnishment; limit of time as to effect of.* The writ of garnishment cites the garnishee to answer what he owed or what effects he had in his possession belonging to the defendant at the time of the service of the writ, not what he might owe, or what he might at some future time come into possession of. If the garnishee at the time he answers holds no effects of the debtor and owes him nothing, the plaintiff can have no judgment against him. The general rule adopted in most of the states as to the liability of the garnishee, considered with reference to the time of the garnishment, confines such liability to the time of the service of the writ; but in this state and some others it is extended to the time of the filing of the garnishee's answer. [Drake on Attach. 667.] Our statute does not make provision that the liability of the garnishee shall extend beyond the time of the issue formed, and embrace such assets as may come to his hands up to the very moment of the trial, no matter what length of time may intervene between the for-

mation of the issue and the trial, and the statute giving this extraordinary remedy must be strictly construed, and not given an effect which it does not expressly sanction. [Caldwell v. Haley, 3 Tex. 317; Willis v. Lyman, 22 Tex. 268.]

§ **1065.** *Policy of insurance; chose in action; not subject to garnishment.* A policy of insurance is a mere chose in action, and is not subject to attachment or garnishment. [Price v. Brady, 21 Tex. 614; Taylor v. Gillean, 23 Tex. 508; Tirrell v. Canada, 25 Tex. 455; Ellison v. Tuttle, 26 Tex. 283; Handy v. Dobbin, 12 Johns. (N. Y.) 220; Drake on Attach. 481.]

June 22, 1881.                Reversed and rendered.