## SCHNEIDER & DAVIS v. J. H. BULLARD ET AL.

(No. 1872, Op. Book No. 2, p. 479.)

APPEAL from Ellis County. Opinion by WALKER, R. S., P. J.

§ 1185. *Assignments for the benefit of creditors; act of July 24, 1879, construed.* The act of 1879 [chap. 53, p. 57, Gen. Laws 1879; R. S. Appendix, p. 5] does not apply to a case where a debtor transfers property in payment of debts to particular creditors. The object and scope of that act is indicated in its title, and they do not relate to conveyances of property not made with reference to an absolution from liability to creditors generally, or an entire discharge from all existing indebtedness. The bankrupt law enacted by congress had been in force during a series of years, and until lately before the enactment of this statute. After its repeal by congress there remained no insolvent law in force in our state. This statute was undoubtedly enacted to supply the want of adequate legislation on the subject of voluntary proceedings by debtors to relieve themselves from their debts. Its caption, together with all its provisions, are consistent with this construction and interpretation. In the connections in which the terms are used, an "assignment for the benefit of creditors" has respect to proceedings in bankruptcy, or under insolvent laws, or to proceedings independent of statutory law, where a debtor undertakes to make a composition with creditors by a voluntary alienation of his property for the purpose of satisfying his general indebtedness to all of his creditors. A debtor who satisfies a debt or debts by the sale and transfer of property to one or more of his creditors does not thereby,

in the sense contemplated by this insolvent law, become an assignor for the benefit of creditors, nor are such beneficiaries in any proper sense the "assignees" of the debtor's property "for the benefit of creditors." Such transactions are but contracts between the parties to them, having for their object not the benefit of the creditors generally of the grantor, but are disconnected from a relation to any other debt or creditor than that one, or those, which are involved in the adjustment which the parties make. These transactions are subject to the operation and control of article 2465 of the Revised Statutes, and not to the act of 1879 above referred to.

§ 1186. *Fraudulent conveyance by debtor; insufficient evidence of.* The mere fact that a debtor is in failing circumstances, whilst it may constitute a motive to perpetrate a fraud in the conveyance of his property, does not of itself interfere with his right to honestly make a preference between his creditors by a valid conveyance to one or more of them selected by him; the doing so will not invalidate his assignment. [Baily v. Mills, 27 Tex. 434; McQuinnay v. Hitchcock, 8 Tex. 33; Mosely v. Gainer, 10 Tex. 393.] And a creditor may accept a conveyance from his debtor, knowing him to be insolvent; and this, too, even though the design of the debtor is to hinder and delay other creditors, provided the preferred creditor is not chargeable with notice of that fact. [Frazer v. Thatcher, 49 Tex. 26.] And the fraudulent intent by which a deed is rendered void is not necessarily involved in the mere intention on the part of the assignor to protect his goods from legal process. [Baldwin v. Peet, 22 Tex. 708.]

§ 1187. *Garnishment; burden of proof.* Garnishees answered, denying all such facts as would have entitled the plaintiffs to a judgment against them. Plaintiffs controverted the answer under oath. The burden of proof then rested on the plaintiffs to show the facts which established the issue made by them, viz., that the goods were subject to their debt; that the sale of them

was, as to their rights as creditors of the vendor of them, void under the operation of article 2465 of the Revised Statutes. [Ellison v. Tuttle, 26 Tex. 283.]

§ 1188. *Judgment of the court on the facts.* The cause was submitted to the judge as to the facts as well as the law. His determination of the facts is entitled to the same consideration as though they had been passed upon by a jury. He was the judge of the weight of the evidence and the credibility of the witnesses. There was no conflict in the testimony, and if there had been it was the province of the court to reconcile it, judge of its weight and determine its credibility. In such case, unless his conclusions were manifestly wrong, the rules well established by many decisions which apply to a revision of such action by the appellate court, would forbid an interference with it.

November 2, 1881. Affirmed.