PANELL v. FIRST NAT. BANK OF DICKENS.

(Court of Civil Appeals of Texas. Amarillo. Jan. 24, 1914.)

FRAUDULENT CONVEYANCES (§ 308*) — QUESTION FOR JURY.

Where a chattel mortgage is alleged to have been executed in fraud of creditors, whether the conveyance was fraudulent is a question for the jury, unless the fraudulent intent is apparent on the face of the instrument, or is admitted, or unless some interest, inconsistent with the conveyance, has been reserved.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 923–940; Dec. Dig. § 308.*]

Error to District Court, Dickens County; Jo. A. P. Dickson, Judge.

Action by the First National Bank of Dickens against Calvin Panell. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

R. S. Holman, of Spur, and Dalton & Russell, of Plainview, for plaintiff in error. B. G. Worswick, of Dickens, and B. D. Glasgow, of Spur, for defendant in error.

HALL, J. September 23, 1911, J. N. Ballard executed his note, payable to defendant in error, in the sum of $986.63, stipulating for 10 per cent. interest and containing the usual provision for attorneys' fees. On April 27, 1912, defendant in error filed this suit against Ballard, J. L. Law, and the plaintiff in error, alleging that, when Ballard gave the note, he was solvent, and that after the execution thereof Ballard and Law, with intent to defraud the bank, and placing Ballard's property beyond the reach of his creditors, made two bills of sale conveying certain property not necessary to be described here; that Ballard on December 27, 1911, gave plaintiff in error a mortgage to secure a note for $1,600, payable to plaintiff in error, of even date with the mortgage, and due October 27, 1912; that said mortgage conveyed ten saddle horses and other personal property described therein; that, when plaintiff in error received the mortgage from Ballard, he knew of the fraudulent intent of Ballard; and that the mortgage was not bona fide, the debt which it was given to secure was fictitious, and that there was no consideration to support the mortgage. There was a prayer for writ of attachment which was issued and levied upon the property. Panell was cited by publication and answered by general denial and specially that he was the legal and equitable owner and hold-

er of the note and mortgage, and that the note was due and unpaid, and prayed for judgment against Ballard for foreclosure of the lien and against defendant in error for conversion of the mortgaged property, and set up the fact that the property had been sold and proceeds deposited in the registry of the court. Panell was not present at the trial and did not testify by deposition. Ballard testified that the debt represented by the note to Panell was not a fictitious debt but was given for services which had been rendered by Panell, at the request of Ballard, in caring for and attending Ballard's insane father; there was also included in the note an amount representing money loaned by Panell to Ballard. Notwithstanding the fact that the case was tried before a jury, the learned trial judge instructed a verdict in favor of defendant in error. A judgment was rendered for the amount and decreed that the chattel mortgage from Ballard to Panell be set aside and held for naught as against the plaintiff, and that the proceeds of the sale of the property levied on and sold under the attachment be turned over to plaintiff (except $160 which was turned over to Ballard), foreclosing the attachment, and that the plaintiff in error take nothing by his suit. Neither Ballard nor Law have appealed, and the judgment is final as to them.

We think it is clear that the learned trial judge erred in peremptorily instructing the jury. The rule is that, where fraud is alleged in a conveyance, it is a question for the jury alone, unless the fraudulent intent is apparent upon the face of the instrument or admitted, or unless some interest inconsistent with the conveyance was reserved. The record discloses nothing of this kind. Van Hook v. Walton, 28 Tex. 59; Kruschell v. Anders, 26 S. W. 249; Briscoe v. Bronaugh, 1 Tex. 326, 46 Am. Dec. 108; Peiser & Co. v. Peticolas, 50 Tex. 638, 32 Am. Rep. 621; Van Bibber v. Mathis, 52 Tex. 406; Bailey v. Mills, 27 Tex. 434.

Because the court erred in peremptorily instructing the jury, the judgment is reversed, and the cause remanded.