## L. C. MALONE LUMBER CO. v. DAVIS CO.
### (No. 20.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 11, 1915. On Motion for Rehearing, Dec. 9, 1915.)

1. GARNISHMENT ⬤⟞127 — RIGHT OF GARNISHEE.

Where money of a judgment debtor comes into the hands of a garnishee, it may apply the funds to debts due it.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 252; Dec. Dig. ⬤⟞127.]

2. GARNISHMENT ⬤⟞191—PROCEEDINGS—ANSWER.

Vernon's Sayles' Ann. Civ. St. 1914, art. 307, provides that, where the garnishee is discharged upon his answer, the costs, including a reasonable attorney's fee, shall be taxed against plaintiff, while article 308 provides that it shall be a sufficient answer to any claim of defendant against the garnishee found on any indebtedness of such garnishee, or on possession by him of effects, for the garnishee to show that such indebtedness was paid or such effects were delivered in accordance with the law. The garnishee's answer showed that at the time of the service of the writ nothing was due the judgment debtor, while a large sum was due the garnishee. The answer further showed that after the service of the writ funds to a considerable amount came into the hands of the garnishee, and that they were applied to payment of debts of the judgment debtor. *Held* that, where the answer was not controverted by plaintiff, judgment for the surplus only could be rendered against the garnishee which was entitled to its costs.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 372–379; Dec. Dig. ⬤⟞191.]

Error from Tyler County Court; A. G. Reid, Judge.

Action by C. M. Davis, doing business as the Davis Company, against E. E. Jeanes and another, in which the L. C. Malone Lumber Company was garnishee. From a judgment against the garnishee, it brings error. Reversed and rendered.

Mooney & Shivers, of Woodville, for plaintiff in error. J. W. Thomas, of Lufkin, for defendant in error.

MIDDLEBROOK, J. This appeal grows out of a suit by C. M. Davis, composing the Davis Company, against E. E. Jeanes and John Jeanes, a partnership composing the Jeanes Lumber Company; the original suit being upon debt. The original debt was upon open account, but had been closed up by notes, and the suit was filed and garnishment proceedings had upon plaintiff in error before the notes became due, and the plaintiff laid his cause of action upon the original account. Before the cause was tried the notes became due, and the plaintiff amended and pleaded in the alternative upon the notes. The suit was filed August 25, 1914.

On September 12, 1914, plaintiff filed its amended pleadings, and pleaded the three notes, two for $200 each, and one for $150, dated August 19, 1914, and due and payable 30, 60, and 90 days, respectively, from date, and again on December 14, 1914, plaintiff amended his petition and pleaded the notes.

On the 25th day of August, 1914, plaintiff made application for and secured a writ of garnishment against the L. C. Malone Lumber Company, alleging that it was a company doing business in Ft. Worth, Tarrant county, Tex., which garnishment was duly served upon the garnishee; and on the 5th day of September, 1914, the said Malone Lumber Company answered, after the formal or introductory part of the answer, as follows:

"I. That at the time the writ of garnishment was served upon the L. C. Malone Lumber Company, in Tarrant county, Tex., to wit, August 26, 1914, 8:55 a. m., the L. C. Malone Lumber Company was not indebted to the E. E. Jeans Lumber Company, but, on the contrary, the E. E. Jeans Lumber Company was indebted to the L. C. Malone Lumber Company in the sum of $1,381.36, in that the E. E. Jeans Lumber Company had a credit on the books of the L. C. Malone Lumber Company of $569.68 and a debit on the books of the L. C. Malone Lumber Company of $1,951.04.

"II. That at present time (wherein answer is made, September 5, 1914) the L. C. Malone Lumber Company is indebted to the E. E. Jeans Lumber Company in the sum of $52.83, in that the E. E. Jeans Lumber Company has a credit on the books of the L. C. Malone Lumber Company of $2,346.84, and the E. E. Jeans Lumber Company has a debit on the books of the L. C. Malone Lumber Company of $2,294.01.

"III. That, other than above stated, the garnishee, L. C. Malone Lumber Company, was not at the time said writ of garnishment was served upon it, or at present time (time answer is made), in possession of any effects belonging to the said E. E. Jeans Lumber Company, and that it does not know of any person or persons who are indebted to the said E. E. Jeans Lumber Company or having effects belonging to the E. E. Jeans Lumber Company in their possession.

"IV. This garnishee, L. C. Malone Lumber Company, said that it has had to employ an attorney to write this answer for it, at the reasonable cost of $25.

"Wherefore garnishee, L. C. Malone Lumber Company, prays that it be discharged from any liability under said garnishment, other than the sum of $52.83, answered for herein, with its costs and attorney's fees, and each other and further relief and decrees of the court that it may be justly entitled to. Thompson & Barwise, Attorneys for Garnishee, L. C. Malone Lumber·Co.

"The State of Texas, County of Tarrant.

"Before me, the undersigned authority, on this day personally appeared L. C. Malone, who, after being by me first duly sworn, upon oath deposes and says: That he is the Sec. of the L. C. Malone Lumber Company, garnishee herein; that he has read the above and foregoing answer, and affiant avers that the answers therein contained to the several matters inquired of in the said writ of garnishment are true answers.
                               "L. C. Malone.

"Subscribed and sworn to before me on this 5th day of September, 1914, by L. C. Malone.
                          "Geo. E. Miller, Jr.,

"Notary Public in and for Tarrant County, Texas."

This answer was never controverted by the plaintiff.

On the 31st day of December, 1914, the trial court entered judgment in said cause against the Malone Lumber Company, garnishee, in favor of the Davis Company, in the sum of $395.80, and costs, with 6 per cent. interest per annum thereon, and did not render any judgment for attorney's fee for the Malone Lumber Company. The case is before this court on writ of error.

[1, 2] It will be seen by investigation of the record that the garnishee filed its verified answer, as is required by law, showing at the time the amount of its indebtedness to the Jeanes Lumber Company. This answer is not controverted by the plaintiff.

Article 308, Vernon's Sayles' Civil Statutes, reads as follows:

"It shall be a sufficient answer to any claim of the defendant against the garnishee founded on any indebtedness of such garnishee, or on the possession by him of any effects, or where the garnishee is an incorporated or joint stock company, in which the defendant was the owner of shares of stock or other things therein, for the garnishee to show that such indebtedness was paid, or such effects were delivered, or such shares of stock or other interest in such company was sold under the judgment of the court, in accordance with the provisions of this chapter."

Article 307, Vernon's Sayles' Statutes, provides:

"Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided for in this chapter; where the action is contested, the costs shall abide the issue of such contest."

The only question for us to decide is: Is there fundamental error upon the face of the record? The garnishee, in our opinion, is entitled to a judgment upon its answer and whatever said answer shows, if anything, to be due the judgment debtor at the time of the service of the writ of garnishment, and on the date of the filing of the answer. The answer shows that at the time of the service of the writ of garnishment nothing was due said judgment debtor; on the other hand, the said judgment debtor was due the garnishee $1,300. The answer further shows that after the service of the writ funds to the amount of $2,300 came into the hands of the garnishee, and that said garnishee applied said money to payment of all debts due the judgment debtor, as it had a right to do (Ellison v. Tuttle, 26 Tex. 285), leaving a balance due the judgment debtor of $52.83 in its hands.

The judgment is therefore reversed, and here given for appellee against the appellant for $52.83, and the garnishee is allowed the sum of $25; same being his reasonable attorney's fee.

This cause is therefore ordered reversed and rendered in accordance with the above views.

### On Motion for Rehearing.

Appellant's counsel so earnestly insists that this court has erred in its decision of this case in his motion for rehearing we have taken the case under consideration again, and in accordance with supposed errors presented in his motion for rehearing. In his motion for rehearing appellee insists that he is entitled to a judgment on the answer of appellant, garnishee, for the sum of $395.-80, plus $569.80. We have no hesitancy in saying that he is as justly entitled to such sum as he is entitled to the sum of $395.80.

There is nothing in this record to show how it came about that the Malone Lumber Company, in its dealing with the Jeanes Lumber Company, was able, after garnishment was served upon it, to get its debt of $1,300 plus against the Jeanes Lumber Company settled, and, in addition thereto, save $52.83 on the garnishment for the Davis Company. For all this court knows, it may have been a thousand transactions, or it may have been one transaction. Suppose it grew out of fifty-three transactions, and on each transaction the Malone Lumber Company was able to save to the garnishee $1; would counsel contend that when the Malone Lumber Company had settled its own debt business must cease, or all that came into the hands of the Malone Lumber Company from the Jeanes Lumber Company must be held by the Malone Lumber Company for the Davis Company, regardless of cost to the Malone Lumber Company? If such be the contention of counsel, and if such were the law, it is safe to say the Davis Company would never have gotten anything in consequence of its garnishment.

Suppose the $52.83 is the result of one transaction between the parties, would appellee's counsel contend that more could be demanded? We think not. Yet, so far as this record discloses, it may have been one transaction, and, as we understand the law, the only way for appellee to have found out whether the garnishee was answering back to him fairly, if he believed such was not the case, was to controvert his answer, and at least give the garnishee opportunity to answer such contest.

The statute quoted in the original opinion in this case as to attorney's fees is clear, and we see no reason for mistake of the intention of this court on this matter.

The motion for rehearing is overruled.