JOHN M. CALDWELL, Appellant, vs. CHARLES Q. HALEY, Appellee — Appeal from Houston County.

It is essential, in our system of pleadings, to state the facts on which the party intends to rely as constituting his cause of action or ground of defense, with such circumstantial accuracy as to apprise the opposite party of what is intended to be proved at the trial.

In our pleadings, the *common counts* of a *declaration*, in the English system, are unknown. Every action is a special action on the particular case, and the petition must be framed in respect to the particular grievance for which the party seeks redress.

In proceedings by attachment, there should be an exact and literal compliance with the requirements of the statute.

The appellee filed his petition, alleging that the appellant, who was defendant below, " on the —— day of ——, 1847, was indebted to him in the sum of twelve hundred dollars, as well for work and labor, care and diligence, and divers materials and necessary things in and about the said work by your petitioner, to and for the use of said Caldwell, at his special instance and request, before that time done, performed, bestowed and promised; and for divers goods, wares and merchandise sold and delivered; and divers sums of money lent and advanced, paid, laid out and expended before that time by your petitioner, to and for the use of the said Caldwell, at his like special instance and request; as also for divers sums of money before that time by said Caldwell had and received, to the use of your petitioner; and said Caldwell being so indebted to your petitioner, in consideration thereof, undertook and faithfully promised your petitioner to pay him the said sum of twelve hundred dollars, when he should be thereafter requested," etc. Appended to this petition, there was an affidavit as follows: " That said John M. Caldwell is justly indebted to said Haley in the full and just sum of nine hundred and ninety-eight dollars, and that said Caldwell is about to remove beyond the limits of this state, so that the ordinary process of the law cannot be served upon him, and thereby said Haley will probably lose his debt;" concluding with a prayer that an attachment issue.

On the same day, a citation and also an attachment issued.

At the return term, being the spring term, 1847, the defendant appeared and moved to quash the attachment, assigning, among other causes, that the plaintiff had not made "affidavit in writing of the truth of the matters set forth in his petition." He also, at the same time, excepted to the sufficiency of the petition, and answered by a general denial. The motion to quash the attachment and the exceptions to the petition were overruled by the court. It was proved upon the trial that the defendant had acknowledged himself indebted to the plaintiff in a sum under a thousand and over nine hundred dollars, for the purchase of a negro girl. That the defendant was to take up a note of the plaintiff given for the girl for about the sum of nine hundred dollars, for which he was to have credit. This was all the evidence relative to the indebtedness. There was a verdict and judgment for the plaintiff; a motion for a new trial, overruled, and the defendant appealed.

MILLER and JENNINGS for appellant.

Mr. Justice WHEELER, after stating the facts of the case, delivered the opinion of the court.

The only questions which it is deemed material to consider, relate to the overruling of the exceptions to the petition and the motion to quash the attachment.

In our pleadings, it has uniformly been held essential to state the facts on which the party intends to rely as constituting his cause of action or ground of defense, with such circumstantial accuracy as to apprise the opposite party of what is intended to be proved at the trial. [Wright vs. Wright (decided at the present term); Mimms vs. Mitchell, 1 Tex. Rep. 443; Carter & Hunt vs. Wallace, 2 Tex. Rep.] That the petition in the case before us does not contain the requisite accuracy and certainty, is manifest. It apprises the defendant of no one *fact* going to constitute the plaintiff's cause of action, with time, place, quantity, value, or any other circumstance of identity or certainty. It can, in no just sense, be said to contain a statement of the facts of the plaintiff's case, so set forth as to apprise the defendant of the real nature of the plaintiff's demand, and of the facts intended to be proved. On the con-

trary, it seems well calculated to mislead and confound the defendant, by the grouping together of a multiplicity of discordant matters, quite foreign to each other, and without the observance, in their statement, of consistency, accuracy or certainty in any particular. If the plaintiff had designed to mislead and deceive the defendant, by concealing, under a mass of generalities, the facts intended to be relied on at the trial, it is difficult to conceive of a method more effectual for the attainment of that object than that adopted in framing the petition before us. Were such a practice sanctioned, the sole object of pleading would be defeated. Instead of apprising the defendant of the facts of the plaintiff's case, so that he may be prepared to admit or contest them, the petition would become the means, most effectually, to mislead and surprise him, by diverting his attention and preparations for his defense from the real controversy, and directing them to matters quite foreign to the merits of the plaintiff's case and the facts intended to be proved. The service upon a defendant of such a petition may answer the purpose of apprising him that he will be required to answer something, but it must leave him wholly uninformed as to the particular subject matter or transaction which is the subject of the suit, and to which his defense, if he have one, must be directed.

The petition in this case seems to have been framed in imitation of a *declaration* in the English system, embracing the *common counts;* and it would, perhaps, be difficult for one not acquainted with that system, to conjecture what the pleader really had in view, or where he had found the model of a petition by which so effectually to disguise and conceal, under the pretense of stating the real facts and circumstances of his case. But in our pleadings the *common counts* are unknown. Every action is a special action on the particular case; and the petition must be framed in respect to the particular grievance for which the party seeks redress. This has not been done in the present instance, and we are of opinion that the petition is defective and insufficient.

There doubtless will be cases in which it will not be practi-

cable to state and describe the cause of action with entire circumstantial exactness and accuracy, or to attain more than a reasonable certainty, or a certainty to a *common intent*, as it is sometimes rather indefinitely, though technically expressed in the books. Such was the case of Frosch *vs.* Swett, decided at the last term. In that case, however, the plaintiff confined his statement to a single transaction, and being an administrator, and not presumed to be conversant with the particulars of the dealing of his intestate, it was held that his petition was sufficient without a statement of the circumstances out of which the alleged indebtedness arose. It was manifest that had the plaintiff not been permitted to recover upon the statement of the case contained in his petition, he could never have recovered at all, and a meritorious cause of action must have been defeated. For to have required greater particularity and certainty would have been to have required an impossibility in that case, and would have defeated the ends of justice, and of course the intention of the law. In the case before us, had the plaintiff described, with reasonable certainty, any one of the various grounds of action suggested in his petition, the court might well have overruled the exceptions, and the defendant would then have been driven to take his objections to the introduction of the evidence, at the trial, if he would take advantage of any *variance* between the averments and proof. But no one cause of action is set forth intelligibly, or with any regard to the facts of the plaintiff's case. It is impossible to understand, from the petition, upon what the plaintiff intends to rely as his cause of action. His petition is blank in dates. He alleges that the defendant is indebted to him in the sum of $1,200, for each of the several considerations suggested, and that their aggregate sum is in the same amount of $1,200; involving the paradox, that while the whole is equal to the aggregate of all its parts, each of these several parts is also equal to the whole. If this repugnancy and inconsistency were sanctioned, we should soon lose sight of the simplicity and propriety in pleading which our laws seek to attain.

The petition being defective and insufficient, the attachment

must be set aside as irregular and illegal. But as the case will be remanded to afford the plaintiff an opportunity to amend; as the court appears to have sustained the attachment upon the affidavit alone, and as the question of its sufficiency may again arise, it is deemed proper to consider the ruling of the court upon the motion to quash the attachment.

By the act "to regulate proceedings in the district courts" [Acts 1846, p. 402, sec. 143], it is provided that no writ of attachment shall be issued by any civil officer of this state, or by order of any judge of the same, unless the party applying for such writ or process shall first make affidavit in writing of the truth of the matter set forth in his petition." This provision of the statute was not complied with. And it has been the uniform practice of our courts, in proceedings by attachment, to require an exact and literal compliance with the requirements of the statute. [Dallam, 469; id. 528; id. 604; 1 Tex. R. 17.] The writ was issued in this case against the express prohibition of the statute, and the court erred in refusing to quash the writ on the motion of the defendant. And because, also, the court erred in overruling the defendant's exceptions to the petition of the plaintiff, the judgment is reversed, and the cause remanded for further proceedings.