Lipscomb, J.
There was no judgment entered by the court below, and on this ground we might dismiss the appeal without, inquiring into tlie correctness of tlie order of tlie court to dismiss the case. But as tlie question was raised in tlie court below and has been presented in this court, it is not believed to be improper to decide it now, as it may be important in practice.
By tlie common law a suit abated by the death of tlie plaintiff or defendant; and it had t.o be commenced again by the legal representative of the plaintiff if lie liad died; If it was tlie defendant it would be against his legal representatives. Tlie statute of the 8 and 9 Williams III, chap. 11, authorized the suit to survive in tlie name of the representatives. By article 697 (Hart. Dig.) it is enacted—
“ That in all suits where the plaintiff may die before verdict, if tlie *202 cause of action survive, t.lie suit sliall not- abate therefor; but it shall he lawful for the legal representative of such plaintiff, his agent, or attorney, to appear, and upon suggestion of such death being' upon record such representative may be made a party to such suit, and the same shall proceed in his name; but if no such suggestion be made as aforesaid at the lirst term of the court after such death, it shall be the duty of the clerk, upon tlie petition of the defendant, his agent or attorney, to issue ,a scire facias, which shall be served upon the legal representative of suc-h deceased plaintiff, requiring- him to appear and prosecute said suit; and after the service of tlie said scire facias, if lie fail so to do, during the lirst four days after the meeting of the court to which such scire facias is returnable, the defendant may, on motion, have such suit discontinued.”
This provision of our statute falls far short of furnishing ns a safe direction in all the contingencies that may happen on the death of a plaintiff, and in some of its parts it is not susceptible of a very clear and sensible construction. There is no difficulty in the first part of it as to what shall be done. It is clear enough that tlie legal representatives have a right to suggest the deatli and make themselves parties to tlie suit. But if there lias been no suggestion of the deatli upon the record, or if there are no legal representatives, it is not clear wliat sliall be tlie action of the defendant under the statute to have tlie suit disposed of, as it would seem that ho is only authorized to become the actor in tlie event of tlie suggestion of the deatli upon the record and there being legal representatives of the deceased. It would seem from the context of the section Unit the suggestion should come from those representing the deceased plaintiff, as it is only on this suggestion being made that tlie defendant can become an actor for the purpose of availing himself of the ladies of parlies not being made to the suit.
If. however, this was tlie only difficulty, tiie intent and meaning of the law would be met by the defendant’s making the suggestion himself of tlie death of the plaintiff and then petitioning for a scire facias. This, though, would only be a solution to one branch of the dilemma, and tlie most formidable one would still remain, that there had been no legal representative made on whom the scire facias could he served ; and I can perceive noway of escaping this objection imt by supposing tlie Legislature did not mean “ representative ” in tlie legal acceptation of the term, but meant tlie heir or next of kin of tlie deceased. 1 do not feel authorized to indulge in this presumplion, because in no known judicial sense can tlie heir or next of kin be the representative until the administration lias been committed to him. It is a safer conclusion to say that the case has not been provided for by tlie statute; and whether it ought to bo provided for or not is a question left to the wisdom of the Legislature.
In tlie case under consideration it has been shown from tlie record that tlie suggeslio’n of the death of tlie plaintiff was 'made upon the record, and a scire facias issued and served upon a person who was not the legal representative; that three, years after (during all of which time there was no administrator) a motion was made by the defendants to dismiss the case for the want of prosecution ; that this motion is met and resisted by an application of a person calling himself administrator, on the evidence before recited of such being his character. We will inquire whether this is evidence of his right lo appear and become a parly as the administrator if all other objections growing out of tlie long delay intervening from the deatli of tlie plaintiff were' out of the way. The authority to appoint an administrator out of term time for temporary purposes is given to the chief justice by the act of the Legislature of 20th March, 1S48. (Art. 1130 of tlie Digest.) It is in tlie following words :
“That, wills shall he probated and letters testamentary or of administration with full powers sliall be granted only in open court, at a regular term thereof, after application in writing and notice as hereinbefore required ; but whenever *203 it may appear to the chief justice that the interest of an estate requires the immediate appointment of an administrator, he shall, either in open court or in vacation, by writing under his hand and the seal of tlie court, attested by the clerk, appoint some; proper person administrator pro tew. with such limited powers as the circumstances of the case may require; such appointment may be made without notice, shall define the powers conferred, and before being delivered to the person appointed shall be recorded in the minutes of the court; and the clerk shall indorse thereon a certificate that it lias been so recorded, and until such record and certificate are made the appointment shall not take eft'ect. Such appointment shall cease to be of force oil the first day of the term of the court next after the date thereof, unless continued in force by an order eiitered oil the minutes in open court. And in no case shall such appointment continue in force beyond the first day of the second term of Hie court next after the date l hereof.”
Noté 73.—See Eastland v. Lester, 15 T., 98.
It will bo seen, by comparing the evidence of the appointment of C. II. Alexander as recited with the article cited from the Digest, under which it is'assumed that they were issued by the chief justice, that the requisitions of the law have not been regarded in scarcely a single essential particular. Instead of giving the limited powers for the particular occasion, they give general and full powers, without any reference to being made a party to the suit, which was the only ground on'whicb, in this case, the chief justice liacl any authority to act. Tlie court below could not regard the pro tern,, appointment of administrator as of any validity, and could only treat the same as a nullity.
Considering the case, then, before us as one where there had been no representatives made, and not provided for by the statute, so as to enable the de-fendaut to act under it, and that three years had elapsed from the suggestion upon the record of the death of the plaintiff, and still no administration, was the court below authorized, under such circumstances. to dismiss the suit for want of prosecution ? I think that it was. The suit at common law abated by the death of the plaintiff. Those interested as heirs or creditors had neglected to avail themselves of the privilege afforded them by the statute to revive the suit. And by no fair construction of -that statute could Che suit stand without parlies for so long a time keeping the defendant tied up in court and incapable of extricating himself. Such was not the intention of the statute. And the negligence of those interested in the estate amounts to an abandonment of the privilege of the statute.
The cause must be dismissed on the first point noticed, that there is no judgment in the court below from which an appeal will lie.
Appeal dismissed.