Lipscomb, J.
This suit was instituted by Blakely, on the 27th day of Janu< ary, A. D. 1S48; and on the 9th May thereafter, the death of 1 he plaintiff was suggested, and case continued for parties to be made. At the Fall Term, 1848, it was continued by the general order of the court, made at the end of tho term. On the 22d March, A. D. 1S49, the defendant McGreal filed his petition, stating the death of Blakely, and that Hiram M. Thompson had been appointed admis-istrator, and had failed and neglected to make himself a party, and praying that a soire facias might issue to him to make him a party; which was issued and served upon Thompson on the 28th of March. At the Spring Term, 1849, the defendants moved to dismiss the suit for want of prosecution, which motion *197 was continued from term to term till the Spring- Term, 1851, when the motion was granted. In the mean time, i. e., at the Fall Term, 1849, the case appears to have been entitled Hiram M. Thompson, administrator of Blakely, against Peter McGreal et al.; and Thompson, the administrator, appeared in court and prayed to have the suit, revived in his name as administrator; and on the same day an agreement signed by the counsel for the parties to take testimony in the case; and from this time down to the dismissal of the suit, tlie case is uniformly styled Thompson, adm’r, v. McGreal et al., and as such notice was served upon (him) of talcing- testimony by interrogatories on the part of the defendants; and on the lStli of October, A. D. 1850, the defendaut McGreal, in an amended answer, styles the case as H. M. Thompson against Peter McGreal et al.; and subpoenas were issued, at the instance of the defendants, for witness to attend and give evidence in the suit so entitled.
The case has been brought before us by a writ of error, and it is alleged that the court below erred in dismissing the suit for want of prosecution on the motion that had been so long pending. The counsel for the plaintiff in error has urged various grounds upon which the error assigned should be sustained; hut we do not think it material to notice them in detail, as we believe that from the. time that Thompson appeared in court and asked to have the suit revived in his name that he became a party to the suit, and such'must have been the opinion of the defendants; because from that time he was treated and recognized as such. Again, there being no ruling of the court refusing tins permission, it is to he taken as granted. Again, it does not appear from the record that the defendants urged the motiou to dismiss the suit at the time that Thompson appeared, and it must therefore he presumed that they waived the motion. This is confirmed by their various acts in the progress of the suit after such application had been made. The case of Alexander v. Barfield et al., decided at Tyler, April Term, 1852, is not like the present. In that ease there was no administration granted, and after a lapse of three years the court abated the suit for want of parties. In the case under consideration, the acts of the defendants, in treating the suit as pending with proper parties, are wholly inconsistent with any other hypothesis than an abandonment of the motion to dismiss, and the judgment must be reversed and the cause remanded.
^Reversed and remanded.