JAMES R. ARMSTRONG, ADM'R, v. E. S. NIXON AND OTHERS.

Where a motion was made to reinstate a cause which had been dismissed at the previous Term, and the ground of the motion was that the plaintiff was dead at the time of the judgment, and the motion was overruled, on appeal it was said : The record does not state affirmatively, that notice was given the defendants, nor is there any indication that such notice was not given. Had there been no notice, the probability is that it would have been ordered, and time allowed the plaintiff to serve the notice. The costs are adjudged to the defendants, as if they were before the Court ; and, upon the whole, the presumption is that there was notice sufficient in terms of the law.

Where the plaintiff is dead when suit is dismissed, a motion at the succeeding Term of the Court, is the proper form of proceeding to have it reinstated.

Where the death of the plaintiff is suggested by his attorney, as cause for not proceeding to final judgment, such suggestion may be contested by the defendant, and it would seem that the trial should be by the Court; and if it be found in the negative and the suit be dismissed, but it afterwards appear that the plaintiff was dead, the cause will be reinstated on motion at the next Term.

Where the plaintiff dies no other proceeding can be taken by the defendant, except a *scire facias* to his representatives, after service of which, the suit may proceed to trial, or, on failure to prosecute, may be dismissed.

In this case the Court revised the judgment of the Court below, on a motion triable by the Court, although there was no statement of facts; this Court being satisfied that the decision of the Court below was based on what was supposed to be the law and not on the facts, about which there was no cause to apprehend that there could be any controversy.

Appeal from Upshur.    Heard before the Hon. W. W. Morris.

There was no statement of facts or bill of exceptions on the motion to reinstate.

*Armstrong & Parsons* and *W. Stedman,* for appellant.

*M. J. Hall,* as friend of the Court, for appellee.

HEMPHILL, CH. J.   This suit was instituted by C. S. Whiteman, a citizen of Tennessee, and who, having departed this life, is represented by the appellant.   The suit was dismissed at the Fall Term, 1854, a part of the history of which is detailed in the following bill of exceptions, viz : This cause being regularly called, the defendants moved the Court to dismiss the cause for want of prosecution and for want of security for costs which had not been given, which motion was sustained by the Court for want of security for costs.   A short time after, a letter was received from one of the attorneys of record for the plaintiff, who lives at Henderson, stating the death of the plaintiff and requesting the Clerk to have the cause continued and *scire facias* to representatives, whereupon two attorneys of the Court moved to set aside said order of

dismissal for the purpose of suggesting the death of said plaintiff on the record, which motion was granted and the judgment of dismissal set aside ; to all which defendants except. At the time of the motion to dismiss the cause, no one appeared for the plaintiff. The letter above stated is in the following words :

Mr. ABNEY, District Clerk of Upshur County :

*Dear Sir :* When the case of Whiteman v. Castleberry's heirs is called up, please say that Whiteman is dead, and have the case continued with *sci. fa.* to his representatives ; by so doing you will much oblige          S. G. SWAN.

Signed and sealed as a bill of exceptions in the cause wherein the suggestion of death of plaintiff was made. The defendants denied the said suggestion ; the Court decided that such denial would be sustained, and an issue made up to determine the fact.

Signed,          W. W. MORRIS, Judge.

The issue, so made, was submitted to a jury who found that Whiteman was not dead, and thereupon the cause was dismissed for want of security for costs. The order to secure the costs was given at the Spring Term, 1854. At the Spring Term, 1855, James R. Armstrong, administrator of the said Whiteman, moved the Court to reinstate the cause upon the docket, and allow him, as administrator, to make himself a party plaintiff in the prosecution of the cause, on grounds in effect as follows :

1st. That the said James S. Whiteman died on the 24th day of February, 1854, and his death was suggested to the Court before the cause was dismissed at the last Term, to wit: on the 4th day of October, 1854.

2nd. Because the counsel for plaintiff, at said last Term, were taken by surprise when the suggestion of plaintiff's death was controverted, and they were required to prove his death in support of said suggestion, contrary to their experience and the usual practice of the Court.

3rd. Because he believes said plaintiff has good cause of action in said cause, and was entitled to a recovery.

The motion was overruled ; costs were adjudged to the defendants, and the plaintiff gave notice of appeal.

Several errors have been assigned, viz :

1st. The Court erred in dismissing the suit for want of security for costs, after suggestion of death of plaintiff, who had in fact received no notice of rule to secure the costs.

2nd. In permitting the fact of plaintiff's death to be tried, without plea in writing filed among the papers denying the truth of the suggestion.

3rd. In not continuing the cause after the suggestion and issuing a *scire facias* to plaintiff's representatives.

4th. In refusing to reinstate the case on the docket and allow the administrator of the plaintiff to make himself a party and prosecute the same.

If the facts be true, as stated in the motion to reinstate, there can be no doubt that there was error in overruling the motion. The grounds, upon which the Court decided are not stated in the record, nor have they been suggested by counsel, except that probably no notice of the motion may have been given to defendants, and that the order of dismissal at the previous Term could not have been set aside on motion, but by bill of review, &c.

The record does not state affirmatively, that notice was given the defendants, nor is there any indication that such notice was not given. Had there been no notice, the probability is that it would have been ordered, and time allowed the plaintiff to serve the notice. The costs are adjudged to the defendants, as if they were before the Court ; and, upon the whole, the presumption is that there was notice sufficient in terms of the law.

Nor is it believed that any proceeding other than by motion was necessary to set aside the previous order of dismissal.— The motion was made at the succeeding Term of the Court,

and is the usual form of proceeding where the object is to vacate a judgment rendered against a party who was dead at the time of the entry. The refusal to reinstate the cause was probably based on the supposition that the finding of the jury against the suggestion at the previous Term, was conclusive. There is no doubt that the truth of such suggestion may be put in issue, but such is not believed to be the usual practice. When such suggestion is made by a member of the bar, the presumption is that it is true, and most generally he would not be prepared with evidence to sustain the suggestion. In this case the plaintiff lived in Tennessee. On his death his attorneys did not deem it necessary to attend the Court, there being no party to represent the deceased, but merely sent the suggestion of death to the Clerk. On the fiction that the plaintiff was alive, he, on the issue made as to the truth of the suggestion, was represented not by his own attorney, but by two attorneys, as *amici curiæ*, as may be inferred from the bill of exceptions. Under such circumstances, the presumption is that there would be no evidence to sustain the suggestion; and its truth or falsehood, in fact, would not be likely to appear—and such was the fact in this case. The jury most probably found without evidence, and their finding was untrue, as is shown by the facts stated in the motion. Their finding, under the circumstances, cannot be taken as conclusive. If a Probate Judge were to refuse a grant of administration, on the ground that the supposed deceased was in life, this would not conclude him from making the grant, if, on additional evidence, it was ascertained that the intestate was dead at the date of the original application; nor if he had adjudged a party dead and issued letters, would he be concluded from revoking such letters, on sufficient proof that the intestate was alive. The verdict cannot have more binding force than these judgments of the County Court. As preliminary to the order for dismissal, it was necessary to determine whether the plaintiff was alive or dead. The Court, through

the jury, found that he was alive, when he in fact was dead, as was subsequently shown ; and we cannot deem their verdict of such force as to exclude the truth, and by binding the deceased as if he had been in life, cut off and defeat the rights of his succession.

The action cannot be said to have abated, and it is immaterial whether it went off the docket by abatement or dismissal. It is possible that there was no administrator of the plaintiff at the time the suit was dismissed. If there were, he should have made himself a party. His attorneys cannot ask for a *scire facias* to bring him in. as a party. The statute (Hart. Dig. Art. 697,) declares, in effect, that at the first Term of the Court after the death of the plaintiff, it shall be lawful for the legal representative of such plaintiff, his agent or attorney, to appear, and upon suggestion of such death being upon record, such representative may be made party to such suit, and the same shall proceed in his name ; but if such suggestion be not made at the first Term of the Court, then *scire facias* may issue upon petition of defendant, requiring the legal representatives of plaintiff to appear and prosecute the suit. So that, where the plaintiff dies before verdict and the cause of action survives, the suit does not abate until failure to prosecute, on *scire facias* issued by the defendant. That the judgment of dismissal, being against a person that was dead, is a nullity, see Martel v. Hernshein, 9 Tex. R. 294 ; see also Sandback v. Quigley, 8 Watts, 460 ; Hurst v. Fisher, 1 Watts & Serg. 438.

We are of opinion that the refusal to sustain the motion to reinstate, was erroneous ; and it is ordered that the judgment be reversed and the cause reinstated on the docket of the District Court.

Reversed and reformed.