### THOMAS W. ROGERS, EX'R, v. JOHN E. HARRISON, ADM'R.

(No. 33, Op. Book No. 1, p. 160.)

ERROR from Upshur County. Opinion by WHITE, J.

§ 494. *Petition must show that court has jurisdiction.* Judgment by default against the executor of an estate. The petition alleged that the defendant resided in Harri-

243

son county. Suit was instituted in Upshur county. No allegation in the petition that the estate which defendant represented was being administered in Upshur county. *Held*, that the petition was wholly insufficient to support the judgment by default. If the estate which defendant represented was being administered in Upshur county, the suit was properly instituted in that county [Pas. Dig. 1423], but that fact should have been alleged distinctly. "A bill ought to allege the cause so distinctly as to enable the chancellor to determine if he has jurisdiction, and to decide on a proper decree." [2 A. K. Marsh. 317.] "That the present was a judgment by default cannot alter the case or dispense with the rule which requires that the proofs shall conform to the allegations, and that the latter must be sufficient to constitute a legal basis on which to predicate a judgment. The defendants not having appeared, can be deemed to have waived nothing which was essential to the plaintiff's right to recover." [Hall & Jones v. Jackson, 3 Tex. 305; Holland v. Cook, 10 Tex. 244.]

§ **495.** *Petition should have alleged why the claim had not been presented to the executor, etc.; judgment must be authorized by the pleading.* The claim sued upon had not been presented to the executor for acceptance, and no reason was alleged in the petition why it had not been so presented. [Pas. Dig. 5683.] The judgment ordered execution to issue, without there being any allegations in the petition showing such facts as could authorize execution. *Held*, if there was anything in the facts and circumstances of the case which would justify a departure from the well settled rules, then the facts making it an exception to those rules should have been presented by proper affirmative averments. "There is no rule that has been more strictly enforced in our courts, than the rule that the allegations must be broad enough to let in the proof, and that no evidence, not supported by the allegations, can sustain a verdict and judgment." [Mims v. Mitchell, 1 Tex. 443; Hall v. Jackson, 3 Tex. 309; Denison v.

League, 16 Tex. 408; Coles v. Kelsey, 2 Tex. 541; Cald-
well v. Haley, 3 Tex. 317; Paul v. Perez, 7 Tex. 345.]
November 13, 1876.  Reversed and remanded.