THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. HENRY KAELBER, Plaintiff in Error.

*Opinion filed February 23, 1912—Rehearing denied April 3, 1912.*

1. CONSTITUTIONAL LAW—*regulation of the sale of intoxicating liquor by general law is within police power of State.* Regulation of the sale of intoxicating liquor by a general law prescribing the times and places when and where and the circumstances under which it may be sold is within the police power of the State.

2. SAME—*to be general a law need not have effect upon every individual and in every locality in the State.* The requirement that a law shall be general does not mean that the law shall have effect upon every individual and in every locality in the State, as it is only upon individuals and in places where the situation contemplated by the law has arisen that it can have any effect.

3. SAME—*law does not cease to be general because it classifies persons or places.* A law does not cease to be general because it classifies persons or places, if the basis of the classification is necessary to the purpose to be accomplished by the legislation or reasonably appropriate for that purpose.

4. SAME—*fact that law may presently apply to only one place does not make it local.* An act which is general in its nature and uniform in its operation upon all persons coming within the scope of the law is not local merely because it may presently apply only to one place.

5. SAME—*act of 1911, prohibiting sale of liquor near a soldiers' and sailors' home, is not invalid.* The act of 1911, which prohibits the sale of intoxicating liquor within two-thirds of a mile of the boundary lines of any land owned or maintained by the State of Illinois as a soldiers' or sailors' home, is based upon a condition which makes the classification just and reasonable and applies to all places answering the description which now or may hereafter exist, and is not invalid as a local law merely because the State at present maintains only one soldiers' and sailors' home. (*Devine* v. *Cook County Comrs.* 84 Ill. 590, distinguished.)

6. DRAM-SHOPS—*what condition furnishes valid reason for excluding dram-shops from the neighborhood.* The proximity of a church, seminary, school house, hospital, cemetery, or other public or private religious, educational or eleemosynary institution, is a valid reason for excluding dram-shops from the neighborhood.

7. SAME—*license to keep a dram-shop is not a contract.* A license granted by a city to keep a dram-shop is not a contract and gives no vested rights to the licensee which can be availed of by

him as a defense to an information charging him with selling liquor in violation of a law passed subsequent to his acquiring the license, which prohibits the sale of liquor in the territory in which his dram-shop is located.

WRIT OF ERROR to the County Court of Adams county; the Hon. LYMAN McCARL, Judge, presiding.

JOHN T. INGHRAM, and L. H. BERGER, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN T. GILMER, State's Attorney, (GEORGE H. WILSON, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error was convicted in the county court of Adams county of selling intoxicating liquors within two-thirds of a mile of the Illinois Soldiers' and Sailors' Home at Quincy, in violation of an act of the General Assembly approved June 10, 1911, (Laws of 1911, p. 309,) and he has sued out this writ of error, claiming that the act violates section 22 of article 4 of the constitution, prohibiting the passage of local or special laws regulating county and township affairs or changing or amending the charter of any town, city or village.

The city of Quincy, on March 31, 1911, issued to the plaintiff in error a license for one year entitling him to keep a dram-shop at 339 Cedar street, in that city, which place was 1720 feet south of the north boundary line of the city and 2500 feet south of the south and nearest boundary line of the Illinois Soldiers' and Sailors' Home. This is the only home of its kind maintained by the State of Illinois, and is located north and entirely outside of, but adjoining, the city of Quincy, within the town of Riverside. On July 1, 1911, the plaintiff in error was keeping a dram-shop at 339 Cedar street under the authority of the license issued to him, and he then and there sold intoxicating liquors.

The act of June 10, 1911, provides that on and after July 1, 1911, it shall be unlawful to sell, distribute or give away any malt, spirituous, vinous or intoxicating liquors within two-thirds of a mile of the boundary line or lines of land owned or maintained by the State of Illinois as a soldiers' and sailors' home. It is insisted that the act is local and special because the State has but one soldiers' and sailors' home and will probably never have another; because the only territory in which the sale of intoxicating liquor is prohibited extends two-thirds of a mile from the home and is within the limits of the city of Quincy, constituting approximately one-third of the entire territory of the city; and because the city has power, under the general laws of the State, to grant license for the sale of liquor within its limits, and the control of this right is vested, under the general laws and under section 2 of article 9 of the constitution, in the legal voters of the city.

Regulation of the sale of intoxicating liquor by prescribing the times and places when and where and the circumstances under which it may be sold is within the police power of the State, and the authority of the legislature to enact into law the provisions contained in the act in question is not denied by the plaintiff in error, provided the enactment is general and not local or special. Whether the act regulates county or township affairs is a question not presented by this record, for the plaintiff in error is not affected by any such regulations. His right rests solely upon the license granted by the city.

The requirement that laws shall be general does not mean that every statute shall have effect upon every individual and in every locality in the State. Such a construction is impossible. It is only upon individuals and in places where the situation contemplated by the act has arisen that it can have any effect, and a law does not cease to be general because it classifies persons or places, if the basis of classification is necessary to the purpose to be accomplished

by the legislation or reasonably appropriate for that purpose. There are numerous statutes which prohibit the sale of intoxicating liquor to certain persons at certain times, in certain places. Under the Dram-shop act all such sales are unlawful, except such as are made by virtue of a license granted by some municipal authority. The sale of intoxicating liquor is prohibited at all times in some places and at some times in all places. We have recognized the right of a city council to prohibit the sale in certain parts of the city while permitting it in other parts. *People* v. *Cregier,* 138 Ill. 401; *Moore* v. *Mayor of Danville,* 232 id. 307.

The act is not local merely because one soldiers' and sailors' home, only, is maintained by the State and the act can therefore operate in but one place. An act which is general in its nature and uniform in its operation upon all persons coming within its scope is a general law. (*People* v. *Hoffman,* 116 Ill. 587; *Cummings* v. *City of Chicago,* 144 id. 563; *Park* v. *Modern Woodmen of America,* 181 id. 214; *People* v. *People's Gas Light Co.* 205 id. 482.) A law is general, not because it embraces all of the governed, but because it may embrace all when they are similarly situated and come within its provisions. (*Hawthorn* v. *People,* 109 Ill. 302.) "We have so repeatedly held that a law may be general and yet be operative in a single place or places where the conditions necessary to its operation exist, that, if it were not abandoned, discussion of the question would be unnecessary.—*People* v. *Hoffman,* 116 Ill. 587; *West Chicago Park Comrs.* v. *McMullen,* 134 id. 170; *People* v. *Cregier,* 138 id. 401." *Trausch* v. *County of Cook,* 147 Ill. 534.

In *West Chicago Park Comrs.* v. *McMullen, supra,* the identical constitutional provision here involved was in controversy. The case involved the constitutionality of a statute authorizing park commissioners to take control of certain city streets upon receiving the consent of the corporate authorities, which the act authorized the latter to give. It

was objected that the act applied to only one city in the
State, because Chicago, alone, had parks under the control
of park commissioners.  It was held that such fact did not
render the act local or special, and that it was not requisite
that the act should be presently applicable to every person
or to every city in the State.  It applied to every city hav-
ing at the time of its passage, or at any time thereafter,
parks under the control of park commissioners.  The situ-
ation here is the same in principle.  That proximity to a
church, seminary, school house, hospital, cemetery, or other
public or private religious, educational or eleemosynary
institution, furnishes a good reason for excluding dram-
shops from the neighborhood is generally recognized.  The
existence of this condition furnishes a reasonable basis of
classification, and it is this principle which authorizes the
legislature, in the exercise of the police power, to pass the
act in question.  The act is general in terms, and, whether
the conditions described exist in one city or many, it ap-
plies to all places now within its terms or that may hereafter
be within its terms.  The classification is just and reason-
able and does not violate the constitution.  *People* v. *Board
of Supervisors,* 185 Ill. 288.

The case of *Devine* v. *Commissioners of Cook County,*
84 Ill. 590, differs from this in that the statute there, by
its terms, while purporting to classify counties by popula-
tion, designated the county in such a way as to preclude the
law from ever having any application to any other county
than the county of Cook, and it was held that such designa-
tion was a mere device not based on any principle of classi-
fication but intended to evade the constitutional provision
against special legislation.  There was no classification upon
any just or reasonable principle.

The license granted to the plaintiff in error by the city
of Quincy was not a contract.  It gave him no vested rights
and constituted no defense to the information.  *People* v.
*McBride,* 234 Ill. 146.                *Judgment affirmed.*