(No. 11452.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELIAS JONES, Plaintiff in Error.

*Opinion filed October 23, 1917.*

CONSTITUTIONAL LAW—*statute providing punishment for being intoxicated in or about railroad station is valid.* The provision of section 1 of the act of 1911 to provide for the punishment of any person who is intoxicated in or about any railroad station or platform applies to all persons in such situation, is therefore general in its scope and is a valid exercise of the police power. (*Tarantina v. Louisville and Nashville Railroad Co.* 254 Ill. 624, followed.)

WRIT OF ERROR to the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding.

WILLIAM G. KENT, and HIRAM A. BROOKS, (DIXON & DIXON, and RAY T. LUNEY, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, HARRY EDWARDS, State's Attorney, JAMES H. WILKERSON, and C. W. MIDDLEKAUFF, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error, Elias Jones, was indicted, tried and found guilty in the circuit court of Lee county of violating "An act to provide for the punishment of any person who drinks any intoxicating liquor, or who is intoxicated, in or upon railroad passenger cars in use for the transportation of passengers, or in or about any railroad station or platform, and for conductors to make arrests therefor," in force July 1, 1911. (Hurd's Stat. 1916, chap. 38, par. 539.) He was fined $25 and costs. Motions to quash the indictment, for a new trial and in arrest of judgment were made in due time and overruled, and plaintiff in error brings the case to this court by writ of error on the ground the act under which he was prosecuted is unconstitutional.

The validity of the act under which the conviction was had is the only question raised and discussed in the briefs. The constitutional provisions alleged to have been violated in passing the act are the fourteenth amendment to the Federal constitution, and sections 2 and 11 of article 2, and section 22 of article 4, of the State constitution.

Section 1 of the act here involved reads as follows: "That any person who shall drink any intoxicating liquor, or who shall be intoxicated, in or upon any railroad smoking car, parlor car, day coach, interurban car or caboose car, in use for the transportation of passengers, or in or about any railroad station or platform, upon conviction thereof, shall be fined not less than twenty-five dollars ($25) nor more than one hundred dollars ($100), or imprisoned in the county jail for not less than thirty (30) days, nor more than one hundred (100) days, or both such fine and imprisonment."

The validity of this act was before us in *Tarantina v. Louisville and Nashville Railroad Co.* 254 Ill. 624, and its constitutionality was sustained. In that case the violation of the statute was the drinking of intoxicating liquor in a day coach of a passenger train by a passenger. The instant case is a criminal prosecution, the indictment charging that plaintiff in error was unlawfully about the railroad station and upon the platform of the station of the Illinois Central Railroad Company in the city of Amboy while he was intoxicated, and it is contended that the *Tarantina case* is not applicable to this case because of the difference in the facts. It was contended in the *Tarantina case* that the act violated the same provisions of our State constitution that it is contended in this case were violated. The principal argument of plaintiff in error is that the act of 1911 establishes an arbitrary classification based upon no substantial difference between individuals so classified and others under similar circumstances and conditions not embraced in the classification. In support of plaintiff in error's position

counsel point out that under the act of 1911 punishment of any intoxicated person being in or about any railroad station or platform is by a fine of not less than $25 nor more than $100, or imprisonment in the county jail for not less than thirty nor more than one hundred days, or both fine and imprisonment, while under section 64 of the Criminal Code persons found intoxicated in other places are punishable by a fine for the first offense of not more than $5 and a fine of $25 for any subsequent conviction. Under that statute prosecutions are required to be commenced within thirty days after the offense is committed, and the justice of the peace is authorized to remit the punishment in whole or in part when satisfied the public welfare and the good of the offender require it. It is argued that the classification of intoxicated persons in or about any railroad station or platform and providing for such persons a different punishment from that provided for intoxicated persons at other places is arbitrary, and is based upon no reasonable distinction between those embraced in the classification and others similarly situated not embraced in such classification.

"A law is general, not because it embraces all of the governed, but because it may embrace all when they are similarly situated and come within its provisions." (*People* v. *Kaelber*, 253 Ill. 552.) In *Trausch* v. *County of Cook*, 147 Ill. 534, it was said: "We have so repeatedly held that the law may be general and yet be operative in a single place or places where the conditions necessary to its operation exist, that, if it were not abandoned, discussion of the question would be unnecessary." This act embraces all persons who shall be intoxicated in or about any railroad station or platform. It applies to all who are similarly situated, and a court cannot say that there was no reasonable basis for the classification. The act is a police regulation for the protection of the public arriving and departing on trains as well as for the protection of the person intoxicated.

It was the judgment of the legislature that there was a reasonable distinction between intoxication at railroad stations and platforms and intoxication to which section 64 of the Criminal Code applied. "When a State legislature has declared that in its opinion policy requires a certain measure, its action should not be disturbed by the courts under the fourteenth amendment unless they can see clearly that there is no fair reason for the law that would not require with equal force its extension to others whom it leaves untouched. * * * Great constitutional provisions must be administered with caution. Some play must be allowed for the joints of the machine, and it must be remembered that legislatures are ultimate guardians of the liberties and welfare of the people in quite as great a degree as the courts." (*Missouri, Kansas and Texas Railway Co.* v. *May,* 194 U. S. 267.) In discussing the validity of the act in the *Tarantina case* we said: "The object to be accomplished was the preservation of good order in railroad trains and about railroad stations. All the provisions of the act concern this subject matter and tend to accomplish this result." We also said in that case that the use of intoxicating liquors is a recognized subject for regulation by the State under its police power; that the places for drinking such liquors may be regulated where such regulation is reasonably adapted to protect the public and does not unreasonably interfere with the liberty of the individual.

We cannot say the legislature exceeded its constitutional power in the passage of the act of 1911, and again we hold the act valid.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*