## SHAFER et al. v. SMITH. (No. 7114.)

(Court of Civil Appeals of Texas. San Antonio. March 12, 1924. Rehearing Denied May 28, 1924.)

1. Executors and administrators ⬅440—Defendant, sued by administrator to obtain dismissal on close of administration, was required to have scire facias issued to heirs.

On close of administration, the right to continue administrator's pending suit at once accrued to the intestate's heirs, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1889, and the defendant, in order to obtain a dismissal, was required to have a scire facias issued to the heirs, under article 1887.

2. Executors and administrators ⬅440—Delay of heirs in making themselves plaintiffs on close of administration held not to entitle defendant to dismissal, in absence of scire facias proceedings.

Delay of heirs in making themselves parties to action by administrator on close of administration held not to entitle defendant to abatement of suit, where defendant did not proceed against heirs on scire facias, but permitted the suit to remain on the docket until heirs filed amended petition, since defendant waived his right to dismissal and acquiesced in the delay.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On Motion for Rehearing.

**3. Reference ⊕═102(4)—Petition for accounting against defendant in charge of books held not subject to exception for failure to itemize account.**

In action for accounting, in which an auditor was appointed to determine amount due, petition for judgment for amount shown due by auditor's reports was not subject to exception for failure to itemize account, when books were in defendant's possession.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by Walter P. Shafer, as administrator of the estate of A. H. Shafer, against Zay Smith, in which Walter P. Shafer, individually, and others, as heirs of A. H. Shafer, filed amended petition after termination of administration. Judgment of dismissal, and the heirs appeal. Reversed and remanded.

Hertzberg, Kercheville & Thomson, of San Antonio, for appellants.

Douglas, Carter & Childers, of San Antonio, for appellee.

FLY, C. J. On May 16, 1913, Walter P. Shafer, describing himself as administrator of the estate of A. H. Shafer, deceased, filed suit against appellee, praying for a mandatory writ of injunction restraining him from altering or destroying certain books of accounts in a certain tin and cornice works business, which appellee was operating for A. H. Shafer, and ordering appellee to bring said books into court, and for an accounting, and that an auditor be appointed to audit said books, and that said administrator recover of appellee such sums as the report of the auditor may show to be due by said appellee. The writ of injunction was issued. The agreement between A. H. Shafer and appellee was alleged to have been a verbal one, and that it was made on May 1, 1907; that A. H. Shafer died on April 10, 1912. The auditor was appointed and made a report on September 20, 1913, which showed that appellee was indebted to the estate in the sum of $6,429.16.

On October 15, 1923, a second amended petition was filed by Walter P. Shafer, James Fulton Shafer, Rose Shafer McMenney, joined by her husband, A. D. McMenney, Alma Shafer Trueheart and husband, J. C. Trueheart, describing themselves as the heirs of A. H. Shafer, deceased, and alleging that Walter P. Shafer had been appointed administrator, but that the administration had been closed on October 18, 1918. These parties prayed for judgment for $6,-429.16, as shown by the auditor's report. In his second amended answer, appellee, among other things, filed the following:

"Defendant pleads in abatement of this suit, for this: This cause was originally (on May

16, 1913) brought by the administrator of the estate of A. H. Shafer, deceased; the administration having closed on October 18, 1918. On or about March 29, 1920, delivered to attorneys for plaintiff a copy of his first amended original answer (filed about June 7, 1923), pleading said unauthorized representation of said suit (on behalf of plaintiff), and the present plaintiffs, as heirs of A. H. Shafer, deceased, did not seek to become parties hereto, or prosecute this suit until on or about October 15, 1923."

Appellee also pleaded two-year limitation to the cause of action. The plea in abatement was sustained by the court, and also a special exception was sustained. The cause was dismissed, and this appeal is perfected from the order of dismissal.

There are three propositions, which are more nearly queries than absolute grounds of appeal, advanced as statements of the law of the case. However, they are treated as propositions of law. The first asks:

"Whether the court erred in sustaining appellee's plea in abatement, as contained in the second paragraph of defendant's second amended original answer, etc."

The second is as to whether the court erred in sustaining the special exception, and the third as to whether the court erred in overruling an exception of appellants directed at an offset pleaded by appellee.

[1] The important question is as to whether the plea in abatement should have been sustained. In article 1889, Vernon's Sayles' Civ. Stats., it is provided that when an administrator or executor is a party to a suit, either as plaintiff or defendant, and shall die or cease to be such executor or administrator before verdict, the suit shall not thereby abate, but may be continued by or against the person succeeding him in the administration, or by or against the heir where there is no administration, and no necessity therefor as provided in articles 1886 and 1887, or the suit may be discontinued. In article 1886, it is provided that death of a plaintiff will not abate a suit, if the cause of action survives, but that the executor or administrator or the heir of plaintiff may appear, suggest the death in open court, have it entered of record, and become the plaintiff; that is, in this suit, if appellants had appeared in court and suggested the close of the administration, they could have been made parties plaintiffs in the suit.

No suggestion of the close of the administration at the time that it was closed, nor until nearly five years had elapsed after the closing of the administration, was made. When the administration was closed on October 18, 1918, Walter P. Shafer ceased to be administrator, and had no power or authority as such administrator to further prosecute the suit, and the right at once accrued to the heirs of A. H. Shafer to con-

tinué the suit. Appellee had the authority, under the terms of article 1887, to have a scire facias to the heirs, and this, it seems, was obligatory upon him in order to obtain a dismissal.

In the case of Alexander v. Barfield, 6 Tex. 400, the plaintiff had died and his death was suggested to the court. A scire facias was issued to one Charles H. Alexander and was served, but no party was made or sought to be made. This was in the spring of 1847. At the fall term of 1850, a motion was made to dismiss the suit, in which it was stated that no parties had been made and that Alexander was not the administrator. The motion was resisted on the ground that an administrator would be appointed, and at a later day of the term it was made known to the court that Alexander had been appointed administrator, and the request made that he be made a party to the suit. This was denied, and the suit dismissed. While the law in effect at that time was substantially the same as at present, it made no provision for issuing scire facias to any one but the legal representative, and the Supreme Court held that term did not include the heir or next of kin. The decision was made to turn on that construction of the law. The court held:

"Considering the case then before us as one where there had been no representatives made, and not provided for by the statute, so as to enable the defendant to act under it, and that three years had elapsed from the suggestion upon the record of the death of the plaintiff, and still no administration, was the court below authorized, under such circumstances, to dismiss the suit for want of prosecution? I think that it was."

The basis of that decision was that the defendant had done all that he could under the statute by issuing the scire facias, and having no authority to issue to any one but a legal representative, and there being no legal representative, he could not be longer held in court by the delay and negligence of the representatives of the deceased plaintiff. The court said:

"Those interested as heirs or creditors had neglected to avail themselves of the privilege, afforded them by the statute, to revive the suit; and by no fair construction of that statute, could the suit stand, without parties, for so long a time, keeping the defendant tied up in court, and incapable of extricating himself."

The statute construed in the cited opinion has been amended in such way that the relief of the defendant is not dependent on the suggestion of death or appearance of representatives, and the statute amended so that the scire facias may be issued, without such appearance or suggestion of death, "for the executor, administrator or heir of such decedent requiring him to appear and prosecute such suit." The statute puts the power

in the hands of the defendant to obtain the dismissal of the suit, and it is only through his initiative, and in the statutory method, that a suit can be abated. He is not, as was the defendant in the Alexander-Barfield Case, "incapable of extricating himself."

In this case the administration of the estate of A. H. Shafer was closed, and the exigency provided for in article 1889 arose. Appellee was charged with knowledge of the close of administration, and actual knowledge of such fact is disclosed in the second amended original answer, and the law required him to take certain steps before he could have the suit abated. He took no such steps, but allowed the case to remain on the docket until the heirs made themselves parties. In the case of Armstrong v. Nixon, 16 Tex. 610, it was held:

"That where the plaintiff dies before verdict, and the cause of action survives, the suit does not abate until failure to prosecute on scire facias issued by the defendant."

This ruling applies with equal force in a case where the plaintiff ceases to be an administrator or executor. Article 1889, Rev. Stats.

[2] The statute prescribes the method of dismissing a suit after a scire facias has been obtained by the defendant. It provides that "the defendant may, on motion, have the suit discontinued." The statute seems to rest the burden on the defendant. By the failure of appellee to take any action during the five years in which no action was taken to make parties, he waived his right to a dismissal and acquiesced in the delay of appellants. Thompson v. McGreal, 9 Tex. 392. His delay was as flagrant as that of appellants, and it was too late for him to obtain advantage from the negligence of appellants. Beck v. Avondino, 20 Tex. Civ. App. 330, 50 S. W. 207. The active agency of the appellee was required, in order that he might obtain the benefit of the statute and dismiss the cause. Under the statute it was not the passive neglect of appellants to prosecute the suit after the administration was closed that gave the right to abate, but the failure to prosecute after the scire facias had been issued by appellee. The scire facias was not issued, and the right to abate did not arise. Musselman v. Strohl, 83 Tex. 473, 18 S. W. 857.

Our former opinion will be withdrawn, and the judgment of the trial court will be reversed, and the cause remanded.

## On Motion for Rehearing.

As, in the original opinion, this court held that laches on the part of appellants had destroyed their right to take up the prosecution of the case brought by the executor of the Shafer estate, the other points in the case were not considered. On granting a rehearing this court again failed to discuss the

other points, and this want of action is urged as ground for rehearing.

[3] It is insisted that the suit was properly dismissed, not only on the ground of laches on the part of appellants in the prosecution of the suit, but because a special exception had been sustained to the petition on the ground that the. account was not itemized and appellants had not amended. To the petition was attached a report of an auditor appointed by the court to audit the books of appellee. The latter had kept the accounts, the books were in his possession, and he was in a better position to obtain the dates than were appellants. If he desired to plead limitations to the account, or any items therein, he had the information upon which to found his plea, and there was no necessity for encumbering the record with a long list of items, which had been recorded by appellee. Frosh v. Swett, 2 Tex. 485; Caldwell v. Haley, 3 Tex. 317. The leading case has often been cited in Texas and never questioned.

It is urged that this court refused to decide on the action of the lower court in overruling a special exception, but does not disclose what the special exception contained, nor in any way identify it. We have failed to discover any exception, however, which was improperly overruled.

The motion for rehearing is overruled.