

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Mr. Ford:      Opinion No. O-5160

Re: Whether or not the Commissioners'
Court of a county has the consti-
tutional power to invoke the re-
strictions, as provided for in
Section 25(a), Article I, Texas
Liquor Control Act.

In your request for an opinion from this depart-
ment you state:

"Section 25(a), Article I of the Texas Liquor
Control Act provides as follows:

"'The Commissioners' Court of any
county in the territory thereof outside
incorporated cities and towns and the govern-
ing authorities of any city or town within
the corporate limits of any such city or
town may prohibit the sale of alcoholic
beverages by any dealer where the place of
business of any such dealer is within three
hundred (300) feet of any church, public
school or public hospital, the measurements
to be along the property lines of the street
fronts and from front door to front door
and in direct line across intersection where
they occur.'

"Is it your opinion that the Commissioners' Court
of any county has the constitutional power to invoke the
restrictions as provided for in the above-quoted section
of the Texas Liquor Control Act?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Bert Ford - Page 2

This section of the Texas Liquor Control Act, which is Article 666-25a, Vernon's Annotated Texas Penal Code, involves the question of the power of the Legislature to delegate to any person or association of persons the authority to make, modify or suspend the laws. Article 1, Sec. 28, and Article II, Texas Constitution.

We have heretofore ruled in our opinion No. 0-4657 that the above quoted section of the Liquor Control Act is valid insofar as it delegates authority to "the governing authorities of any city or town." The question presented here is whether or not like authority may be delegated to the Commissioners' Courts.

Commissioners' Courts are vested by the Constitution with judicial power (Art. V., Sec. 1, Tex. Const.), but they are also authorized to exercise such powers and jurisdiction over all county business as is conferred by the Constitution and the laws of the State (Art. 7, Sec. 18, Tex. Const.) as well as to perform certain purely administrative functions. Art. VIII, Sec. 18 and Art. IX, Sec. I, Tex. Const.

Counties over 62,000 population are now authorized to adopt county Home Rule Charters (Art. IX, Sec. 3, Tex. Const., Amendment adopted 1933) which give them greater powers over county affairs. Cities over 5000 population have had the right to adopt Home Rule Charters since 1912. Art. XI, Sec. 5, Tex. Const. Counties and towns having a population of 5000 or less may be chartered alone by general law (Art. II, Sec. 4, Tex. Const.) and insofar as the question here involved is concerned we see no difference between the constitutional power of the Legislature to delegate authority to the governing authorities of such cities and the power to delegate authority to Commissioners' Courts.

Article XI, Section 5 of the Constitution as adopted in 1876 provided that "cities having more than ten thousand inhabitants may have their charters granted or amended by Special Act of the Legislature. . . ." This provision as heretofore pointed out was superseded by the Home Rule Amendment in 1912. However, prior to the adoption of the Home Rule Amendment the governing bodies of a number of cities in Texas were authorized by Special Act of the Legislature to prohibit the keeping and sale of liquor within certain defined areas of the city involved or in areas that might be defined by the governing

Hon. Bert Ford - Page 3

authorities of the particular city. Prosecutions under these
Special Acts and under City Ordinances passed pursuant there-
to were upheld and the validity of such statutes were sus-
tained. Ex parte Levine, 46 Tex. Cr. R. 372, 81 S. W. 1206;
Garonzik v. State, Tex. Cr. App., 100 S. W. 374, Ex parte
King, Tex. Cr. App., 107 S. W. 549; Henderson v. City of
Galveston, 102 Tex. 163, 114 S. W. 108. In Ex parte King,
cited above, the contention was made that "if the Legislature
possessed the power to prohibit the sale of intoxicating
liquors within the territory prescribed by it, this power
could not be delegated by the Legislature to the Commissioners
of the City of Ft. Worth." The Court of Criminal Appeals in
overruling this contention said:

> "It was distinctly held by this court in the
> cases of Ex parte Levine, 46 Tex. Cr. R. 364, 81
> S. W. 1207, and Garonzik v. State, 100 S. W. 374,
> that the fixing of saloon limits is a mere regulation
> of the liquor traffic, and not in any sense a pro-
> hibition thereof, and that such limits, as a regu-
> lation, are lawful and should be upheld. The Legis-
> lature of this state is authorized to empower city
> councils by special charter to prescribe the bounda-
> ries and limits within which the sale of liquor shall
> be prohibited by law, and such local authorities may
> define and limit the area within which alone such
> sale may be lawful. This was distinctly ruled in
> the case of Cohen v. Rice, 101 S. W. 1052, by the
> Court of Civil Appeals of the Fifth Supreme Judicial
> District, in which case writ of error was refused
> by our Supreme Court. This is in accord with and is
> well sustained by the authorities. 1 Abbott on
> Municipal Corporations, Sec. 130; People v. Cregier,
> 138 Ill. 401, 28 N. E. 812; Mayor of Valverde v. Shat-
> tuck, 19 Colo. 103, 34 Pac. 947, 41 Am. St. Rep. 208."

For other cases in which the validity of statutes pro-
hibiting the sale of intoxicating liquors within stated distance
of churches, schools, etc. have been upheld, see: Alexander
v. Graves, 178 Miss. 583, 173 So. 417; State v. Snow, 117 N.C.
774, 23 S. E. 322; State ex. rel. Cummings v. Styles, 121 Ala.
363, 25 So. 1015; Boyd v. Bryant, 35 Ark. 69, 37 Am. Rep. 6;
People v. Kaelber, 253 Ill. 552, 97 N. E. 1006.

As to the reasonableness of the ordinances of the

Hon. Bert Ford- Page 4

Commissioners' Court or the orders of the County Judge in carrying out the liquor regulations, see: State v. Durein, 70 Kan. 1, 78 Pac. 152, 15 L. R. A. (N. S.) 908 and annotation in 15 L. R. A. (N.S.) p. 940, et seq.; and Ford v. Easterling (Miss.) 184 So. 153, 119 A. L. R. 634, and annotation in 119 A.L.R. p. 643, et seq.

Another question involved in the present inquiry is whether or not there is something peculiar about the organization of a county commissioners' court as would prevent it from exercising the authority delegated to it by Section 25(a), Article I of the Texas Liquor Control Act. It is to be noted that each of the out-of-state cases cited above upheld the validity of statutes fixing the limits or authorizing the fixing of limits of retail liquor establishments in counties.

The recent case of Vandenburgh County v. Sanders (Ind.) 30 N. E. (2d) 713, 131 A.L.R. 1048, upheld the validity of a zoning ordinance passed by a county commissioners' court. Our Supreme Court in Stanfield v. State, 83 Tex. 317, 18 S.W. 577, upheld the validity of an act giving the county commissioners' court of any county power to abolish the office of County Supreintendent ofPublic Instruction. In view of Article XVI, Section 20, Texas Constitution, authorizing local option control of liquor on a county basis, we are unable to say that the regulation of the sale of liquor within prescribed limits within a county is not "county business" within the meaning of Article V, Section 18 of the Texas Constitution. 11 Tex. Jur. p. 565, 566, Sec. 38. This is especially true since the Legislature by passing Section 25(a) of the Liquor Control Act has in effect said that the regulation of liquor establishments within 300 feet of any church, public school or public hospital is county business, as well as city business.

The contention that local option elections provided for in Section 20(b), Article XVI of the Constitution constitue the exclusive method for determining prohibition in a particular area is answered by pointing out that Section 20(a), Article XVI of the Constitution gives the Legislature "the power to regulate the manufacture, sale, possession and transportation of intoxicating liquors" and that "the fixing of saloon limits is a mere regulation of the liquor traffic, and not in any sense a prohibition thereof." Ex parte King, 107 S. W. 549.

It is our opinion that the act is valid under the authorities above cited if it is construed as authorizing commissioners' courts to invoke its provisions, but not requiring them to do so. However, if it should be considered that such a construction would render it invalid, we are of the opinion that in order to uphold its validity the word "may" as used in said section would be construed as meaning "shall", thus making said Section 25(a) mandatory instead of permissive. 39 Tex. Jur. 36 Sec. 15; 39 Tex. Jur. 207, Sec. 111; 9 Tex. Jur. 485, Sec. 63; National Surety Corporation v. Ladd, 131 Tex. 295, 115 S. W. (2d) 600, 602; County Commissioners vs. Smith, 22 Colo. 534, 45 P. 357, 33 L. R. A. 455.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Fagan Dickson*
Fagan Dickson
Assistant

FD:BT

APPROVED APR 24, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS